AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED

SEP 22 2020

David J. Bradley, Clerk

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. M-20-1929-M |
| Oscar SIFUENTES<br>YOB: 1983<br>Citizenship: USA | ) ) ) ) ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 21, 2020__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841 | It shall be unlawful for any person to knowingly or intentionally possess with intent to distribute or dispense, a controlled substance— Cocaine (schedule II) |
| 21 USC § 952 | And knowingly and intentionally illegally import into the United States approximately 2.066 kilograms of cocaine a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

*Complaint approved by AUSA F. Blake*

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr.4.1, and probable cause found on:

Sworn to before me and signed in my presence.

Date: __09/22/2020__ 12:43 p.m.

City and state: __McAllen, Texas__

/S/ Eddie A. Ramirez
*Complainant's signature*

Eddie A. Ramirez, HSI Special Agent
*Printed name and title*

Peter E Ormsby
*Judge's signature*

U.S. Magistrate Judge Peter E. Ormsby
*Printed name and title*

## ATTACHMENT A

I am a Special Agent (SA) of the United States Homeland Security Investigations (HSI), and have knowledge of the following facts:

1. On September 22, 2020, Oscar SIFUENTES entered the United States through the Hidalgo, Texas Port of Entry operating a Ford F-150.

2. At the Hidalgo Port of Entry, SIFUENTES gave negative declarations for narcotics, weapons, ammunition and monetary instruments in excess of $10,000 to Customs and Border Protection (CBP) officers.

3. SIFUENTES claimed ownership of the F-150.

4. SIFUENTES and the vehicle were referred for a secondary inspection. During the secondary inspection, a CBP Narcotics Detection Dog (NDD) alerted to the presence of narcotics in the rear passenger side seat.

5. CBP officers searched the identified areas. Further inspection resulted in the discovery of two (2) tape wrapped bricks, concealed in a factory created cavity underneath the rear passenger side seat.

6. CBP officers extracted a white powder-like substance from one of the tape wrapped bricks, which field tested positive for properties of cocaine. Both bricks had a combined gross weight of two point zero six six (2.066) kilograms of cocaine.

7. HSI SAs advised SIFUENTES of his Miranda warnings in the English language, which he stated he understood and waived in writing.

8. Post Miranda, SIFUENTES stated he was aware there was a controlled substance in his vehicle. SIFUENTES was to be paid eight hundred dollars ($800.00) for the trip.

9. SIFUENTES stated he was to deliver the narcotics to an area in the Rio Grande Valley.